■ HIDDEN COVE RESORTS, INC., et al., Appellants, v ERNEST GERMANO et al., Respondents. [654 NYS2d 581] —In an action, *inter alia,* to recover damages for fraud and the commercially unreasonable sale of property, the plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (McCabe, J.), entered March 25, 1996, which, *inter alia,* granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and summary judgment on their counterclaims on the issue of liability, and denied the plaintiffs' cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs admit that they discovered the alleged fraud of the defendants more than six years after the commission of the alleged fraud and more than two years before commencing this action. Accordingly, their fraud causes of action are time barred *(see,* CPLR 203 [f]; 213 [8]; *TMG-II v Price Waterhouse & Co.,* 175 AD2d 21).

The plaintiffs have failed to raise a material issue of fact regarding the commercial reasonableness of the foreclosure sale by the defendants of the plaintiffs' shares of cooperative units located in Hampton Bays. While a wide discrepancy between the sale price and the value of the collateral may signal a need for close scrutiny of the sale *(see, Matter of Zsa Zsa Ltd.,* 352 F Supp 665, *affd* 475 F2d 1393), the plaintiffs have not offered any documentary evidence to substantiate their claim of an exceedingly low return on the units *(see,* CPLR

3212 [b]). Accordingly, the Supreme Court properly determined that the sale was commercially reasonable.

We have considered the plaintiffs' remaining contentions and find them to be either without merit or academic in light of our determination. Rosenblatt, J. P., Joy, Florio and Mc-Ginity, JJ., concur.